UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                     CR NO.  08-00110

**JONATHAN WRIGHT, a/k/a,
PHYSICIANS ASSISTANT JOHN, a/k/a,
JOHN-JOHN,**

      **Defendant.**

---

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. The grand jury has returned an indictment charging the defendant and his three co-conspirators with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine.

2. Defendant was involved in an international conspiracy to bring ten to twenty kilograms of cocaine into the District of Columbia for the purpose of distribution.

3. In furtherance of that conspiracy defendant drove from Florida to the District of Columbia to transport $175,000 back to Florida in order to purchase the cocaine from defendant's supplier in the Bahamas.

4. Defendant traveled by airplane from Florida to the Bahamas in order to purchase the cocaine.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years as prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.  The weight of the evidence;

3.  The history and characteristics of the person, including

    a.  His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.  Past conduct, history relating to drug or alcohol abuse;

    c.  Criminal history;

    d.  Record concerning appearance at court proceedings;

    e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.  The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** A grand jury has returned an indictment charging the defendant with attempting to transport a large quantity of narcotics into the District of Columbia.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant has ties to the Florida community where he has resided for twenty six years.

Defendant also has ties to the District of Columbia through his aunt, a retired Army Sergeant, who has lived in the area with her family for many years.

**The weight of the evidence.** The government's evidence here is overwhelming. The government has recorded conversations between the defendant and his co-conspirators, surveillance of the defendant in Maryland at the co-conspirator's house, surveillance of the defendant in Florida purchasing a microwave used to transport the $175,000 to the Bahamas, and recorded conversations of the defendant, while in the Bahamas, trying to locate another co-conspirator.

**History relating to drug or alcohol abuse.** The record does not reflect any history of drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.** The record does not reflect any prior criminal record.

**Whether on probation or parole at the time of the present offense.** The defendant was not on probation or parole at the time of the offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. While the defendant has ties to the community in both Florida and the District of Columbia and has no prior criminal record, the weight of the evidence against him and the seriousness of the offense create a strong argument in favor of his detention.

There is no evidence that this was a one-shot transaction; in fact, the evidence shows that this was a scheme to bring a substantial amount of cocaine into the District of Columbia over an extended period of time. In addition, the defendant has demonstrated

that he has access to large amounts of cash and has already crossed state and international lines in furtherance of this conspiracy.  Accordingly, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community or that he will appear when required.  I will, therefore, order the defendant detained without bond pending trial.

Dated: June 26, 2008                                              /s/
                                                                        JOHN M. FACCIOLA
                                                                        UNITED STATES MAGISTRATE JUDGE