UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) Criminal Case No. 08-00110-04 (TFH) | |
| | ) | |
| JONATHAN WRIGHT | ) | **FILED** |
| | ) | |
| Defendant. | ) | OCT 2 4 2008 |
| _____ | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM & ORDER

Jonathan Wright has been charged with conspiracy to possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. United States Magistrate Judge Facciola ordered that the defendant be detained without bond [7] on June 26, 2008. Now before the Court is the defendant's motion [16] for modification of pre-trial detention order. This Court conducted a hearing on the matter on October 15, 2008. Upon consideration of the motion, the government's opposition, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the defendant's motion is DENIED and the Court ORDERS that the defendant be detained without bond pending trial.

### I. THE GOVERNMENT'S PROFFER

At the October 15, 2008 hearing, the government made the following factual proffer: During or before 2007 defendant Jonathan Wright was engaged in narcotics trafficking through his relationship with Lonnell Glover. During this time, United States investigators had a microphone placed in Glover's truck and picked up conversations between Glover and Wright. In those conversations, Wright talked about distributing multiple kilograms of PCP. The

conversations also indicated that Wright had connections in the Bahamas who could possibly serve as contacts through which to purchase drugs or launder the money from the drug proceeds. The government also proffered that the conversations indicate that Wright had a plan for a long-term drug distribution relationship with Glover. The government proffered that the conspiracy Wright was already involved in was meant to bring 1,000 kilograms of cocaine per month into the United States.

In addition, the government proffered that Wright was the man who stuffed $175,000 of drug money in a microwave in order to avoid detection from authorities. The government also proffered that Wright rented a van to transport the proceeds in order to evade investigators.

## II. DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 f.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the person were released. 18 U.S.C. § 3142(g)(1)–(4).

### A.     Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight. The government has also shown by clear and convincing evidence that Wright is a danger to the community. The nature of the alleged crime is serious. The grand jury has returned an indictment charging the defendant with conspiracy to possess and distribute five kilograms or more of cocaine. The crime that the defendant is charged with carries a statutory minimum of 10 years. 21 U.S.C. § 841(b), § 846.

The Court has also considered the defendant's history and characteristics. The defendant has ties to the Florida community where he resided for twenty-six years and to the District of Columbia through his aunt, a retired Army Sergeant. However, the defendant also has ties to individuals in the Bahamas and has already crossed state and international lines in furtherance of the conspiracy. Therefore, given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were he to be released.

The Court has considered the weight of the evidence and concludes that the government's evidence is strong. The government has recorded conversations between Wright and his co-conspirators indicating that Wright was interested in forming a lasting relationship with Glover that would involve importing large amounts of cocaine into the area. The government has evidence from the wiretaps that Wright provided Glover with a cocaine dealer in the Bahamas, with a courier, and transported money for the deal from Maryland to Florida. The conversations also indicate that Wright wanted to distribute large quantities of PCP. Finally, the government has proffered that Wright purchased a microwave that was used to transport $175,000 of drug money to the Bahamas.

The record does not reflect that Wright has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

### III. CONCLUSION AND ORDER

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of Jonathan Wright is appropriate in this case because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight. The offense is serious, Wright has ties to individuals in the Bahamas with whom he has previously conspired with, and the government's proffered evidence is strong. Accordingly, it is hereby

ORDERED that the defendant's motion [16] for modification of the pre-trial detention order is DENIED; it is further

ORDERED that the defendant continue to be detained without bond pending trial; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____          _10/24/08_____
Chief Judge Royce C. Lamberth                                    Date