## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| *v* | * | **Criminal № 08-110-02 (TFH)** |
| | * | |
| **ROBERT ROBBINS** | * | |

### MOTION TO DISMISS INDICTMENT FOR LACK OF A SPEEDY TRIAL

Defendant, Robert Robbins, by and through counsel, respectfully moves to dismiss the indictment in the above-captioned case for lack of speedy trial under the Speedy Trial Act,18 U.S.C. §§ 3161, 3162(a)(2) and under the Sixth Amendment to the United States Constitution`. In support of this motion defendant states the following:

### I.  BACKGROUND

Defendant was indicted on April 17, 2008 on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii). The indictment alleged that the conspiracy ran from February 9, 2007 up to and including June 9, 2007 and took place in the District of Columbia, Alabama, Florida, and elsewhere. A substantial portion of the Government's case is based on intercepted telephone communications involving Defendant.

The Defendant was arraigned before Magistrate Judge Deborah A Robinson on July 25, 2008. At the arraignment, the Government orally moved for a detention hearing. The detention hearing was scheduled for July 30, 2008 but not held on that date. It was rescheduled for August 1, 2008 and again reset until August 4, 2008. On August 4, 2008, defendant took no position regarding pretrial detention and the court granted the Government's request that he be held without bond pending trial.

On September 3, 2008, codefendants Lonnell Glover and Cornell Glover first appeared before the court for arraignment and the next status conference was scheduled for September 18, 2008. On September 18, 2008, the next status conference was scheduled for October 28, 2008 but was not held. From October 28, 2008 until February 25, 2009 there were no other status conferences or hearings held in this case.

On September 15, 2008, defendant filed a motion requesting that he be transferred to the DC Department of Corrections Central Treatment Facility (CTF). On October 9, 2008, codefendant Wright filed a motion for bond which was denied after a hearing on October 15, 2008. Codefendant Wright then filed a motion for interim payments to investigators on November 10, 2008 which was granted on November 20, 2008. On December 21, 2008, codefendant Wright filed a motion requesting interim payments for the attorneys appointed to represent defendants in this case. This latter motion is still pending.

On January 8, 2009, counsel who represented defendant Robbins moved to withdraw from the case.

## II. ANALYSIS

### A.  Violation of the Speedy Trial Act

"The Speedy Trial Act ("STA"). . . is designed 'to protect a defendant's constitutional right to a speedy. . . trial, and to serve the public interest in bringing prompt criminal proceedings'." *United States v. Domingo Santiago-Becerril*, 130 F.3d 11 (1st Cir. 1997) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)). "If a criminal defendant is not brought to trial within the seventy day time limit required by § 3161(c)(1), as extended by operation of § 3161(h)(1)-

(9), the penalty provisions of the STA mandate that 'the information or indictment shall be dismissed on motion of the defendant'." *Id.*

"[T]he Speedy Trial Act comprehensively regulates the time within which a [criminal] trial must begin." *Zedner v. United States,* 547 U.S. 489, 500, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Under the Act, a defendant must be brought to trial within seventy days of the date the indictment was filed in his case, or from the date the defendant first appears before the Court, whichever date occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay. *United States v. Rojas-Contreras*, 474 U.S. 231, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985); see 18 U.S.C. § 3161(c)(1). In reviewing a claim under the Speedy Trial Act, we must first calculate "the aggregate time elapsed awaiting trial." *United States v. Barnes,* 159 F.3d 4, 10 (1st Cir.1998) (quoting *United States v. Staula,* 80 F.3d 596, 600 (1st Cir.1996)) (internal quotation marks omitted).

The Act sets forth specific categories of delay that shall be excluded from the computation of the seventy-day deadline. *Zedner,* 547 U.S. at 500, 126 S.Ct. 1976; 18 U.S.C. § 3161(h). This motion is concerned with three sections of the Act which permit certain periods of delay to be excluded from the computation of the 70-day limit—*viz*, 18 U.S.C. § 3161(h)(1)(D) and (H) and 18 U.S.C. § 3161(h)(6) (2008 Edition):

> **(h)** The following periods of delay shall be excluded in computing the time
> .   .   . within which the trial of any such offense must commence:
> **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>                           *               *               *

**(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

*          *          *

**(H)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

and 18 U.S.C. § 3161(h)(6):

**(6)** A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The Act serves not only to guarantee a defendant's right to a speedy trial, but also to protect the public interest in the fair and timely administration of justice. *Zedner,* 547 U.S. at 500-01, 126 S.Ct. 1976.

To assert his or her rights under the Act, a defendant must move to dismiss the indictment prior to trial. 18 U.S.C. § 3162(a)(2). If the Court determines that the defendant was not brought to trial within the time periods set out by the Act, the indictment must be dismissed. *Id.* In such case, the Court may choose to dismiss the indictment either with or without prejudice based on the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of the reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

**1.  July 25, 2008 to August 4, 2008**

The Defendant was first brought before a judicial officer of this Court when he was arraigned before Magistrate Judge Robinson on July 25, 2008 and asserted his right to a speedy trial. The seventy-day period under the Act therefore began to run on that day. *See* 18 U.S.C. § 3161(c)(1) and trial should have commenced on October 3, 2008.

4

At the arraignment, the Government orally moved for temporary detention on a 10-day hold and a detention hearing was set for July 30, 2008. On July 30, the detention hearing was again postponed and the case was continued for possible ascertainment of counsel for August 1, 2008. On August 1, 2008, the detention hearing was reset until August 4, 2008.

Under the Speedy Trial Act section that excludes reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance has been granted, speedy trial clock does not begin to run in multi-defendant prosecution until the last codefendant makes his initial appearance in court. *United States v Larson*, 417 F3d 741 (7th Cir 2005); *United States v Franklin*, 148 F3d 451 (5th Cir 1998). Therefore, the speedy trial clock began to run anew when codefendants Lonnell Glover and Cornell Glover first appeared and were arraigned before the Court on September 3, 2008, thereby ostensibly extending the 70-day speedy trial period to November 12, 2008. *Henderson v United States*, 476 US 321(1986). *See* 18 U.S.C. 3161(h)(6) (2008 Edition). However, while the time line for the last defendant joined usually becomes the time line for all defendants, it is generally advisable, even absent a violation of the Act, for a court faced with a belated joinder to consider specifically how much time is reasonable for trial preparation rather than automatically restarting the clock. § 3161(h)(6) (2008 Edition); *United States v Barnes* 251 F 3d 251 (1st Cir 2001).

For "period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" to be excludable from speedy trial period, delay must be reasonable; reasonableness of delay can be measured in reference to either totality of circumstances prior to trial or actual prejudice suffered by defendant as result of delay. *United States v Stephens,* 489 F3d 647 (5th Cir 2007). In determining the reasonableness of

a delay under § 3161(h)(6) (2008 Edition), courts apply either a two prong test or a totality of circumstances analysis. *See United States v. Shaw*, 510 F.Supp.2d at 151.

> Although the D.C. Circuit has not provided a lot of insight on what it means to have the exclusion applicable to one defendant apply to all defendants, *Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980), other circuits have explored this issue in greater detail. In *United States v. Stephens,* 489 F.3d 647, 654 (5th Cir.2007), the Fifth Circuit elaborated that attribution of the delay of one codefendant to another codefendant is not automatic. Courts in the Fifth Circuit undertake a two-pronged inquiry to determine whether such attribution would be reasonable. The reasonableness of the delay is measured in reference to either (1) "the totality of the circumstances prior to trial"; or (2) "the actual prejudice suffered" by the defendant as a result of the delay. *Id.* (citing *United States v. Franklin,* 148 F.3d 451, 457 (5th Cir.1998)). "In examining the totality of the circumstances of the case, [the Fifth Circuit] focuses on the necessity of the delay, giving proper consideration 'to the purpose behind [§ 3161(h)(6)] accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.' " *United States v. Bieganowski,* 313 F.3d 264, 281 (5th Cir.2002) (quoting *Franklin,* 148 F.3d at 457). "With respect to the prejudice analysis, relevant considerations include whether the delay impaired the [defendant's] ability to defend himself or resulted in excessive pretrial incarceration." *Franklin,* 148 F.3d at 457. The Fifth Circuit has also held that given the fact-intensive nature of this inquiry, it is to be determined on a case-by-case basis. *Stephens,* 489 F.3d at 654. The Tenth Circuit has also examined Section 3161(h)(7) [§3161(h)(6)(2008 Edition)] and concluded that "in the application of the 'reasonableness' standard under section 3161(h)(7), judicial efficiency in the trial of multiple defendants is to be preferred to an inflexible adherence to the letter of the Speedy Trial Act." *United States v. Vogl,* 374 F.3d 976, 983 (10th Cir.2004) (internal quotation marks and citations omitted). Courts in the Tenth Circuit examine "all relevant circumstances" in determining whether the delay attributable to a codefendant is "reasonable." *Id.* at 983-84 (citations omitted). The Tenth Circuit has provided three factors to guide the inquiry: (1) "whether the defendant is free on bond"; (2) "whether the defendant zealously pursued a speedy trial"; and (3) "whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.' " *Id.* at 984 (citations omitted).

*United States v. Shaw*, 510 F.Supp.2d at 151.

Under 18 U.S.C. § 3161(h)(1)(D) (2008 Edition) a delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion is excludable under the Act. Subsection (D), written in the disjunctive, excludes time

in two situations. The first arises when a pretrial motion requires a hearing: subsection (D) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing. The second situation concerns motions that require no hearing and that result in a "prompt disposition." There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S.Rep. No. 96-212, at 34.

The "point at which time will cease to be excluded" is identified by subsection (H), which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court. Without the promptness requirement in subsection (D), a court could exclude time beyond subsection (H)'s 30-day "under advisement" provision simply by designating the additional period as time "from the filing of the motion" through its "disposition" under subsection (D). As the Senate Committee on the Judiciary explained:

> "In using the words 'prompt disposition', the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to permit circumvention of the 30-days, 'under advisement' provision contained in Subsection (h)(1)(J). Indeed, if motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days." *Ibid.*

*Henderson v. United States*, 476 US 321, 329 (1986).

## 2. September 15, 2008 to September 18, 2008

On September 15, 2008, defendant filed a motion requesting that he be transferred to the Central Treatment Facility (CTF). On September 18, 2008, the Court advised counsel for defendant to take up the request with DC Department of Corrections General Counsel, Maria Amato. Therefore, the 3 days that elapsed are excludable.

### 3.  October 9, 2008 to October 15, 2008

Codefendant Wright's motion for bond was filed on October 9, 2008 and denied on October 15, 2008 and the 6 days that elapsed are excludable. *United States v. Severdija*, 723 F2d 791 (11th Cir 1984).

### 4.  November 10, 2008 to November 20, 2008

Codefendant Wright filed a motion requesting interim payments for his investigator which was granted on November 20, 2008. These 10 days are excludable.

### 5.  December 21, 2008 to January 20, 2009

Defendant Wright filed a motion requesting interim payments for the court-appointed attorneys in this case on December 21, 2008. Under 18 U.S.C. § 3161(h)(1)(D). This is a motion that does not require a hearing and, therefore, cases have held that where there is no hearing, the motion is deemed taken under advisement. For pretrial motions that do not receive a hearing, Speedy Trial Act (STA) allows for exclusion of all time from filing of the motion to time that court receives all reasonably expected papers, *plus no more than additional 30 days of advisement time*. *United States v. Rodriguez*, 63 F3d 1159 (1st Cir 1995). In this instance, the motion itself contained all reasonably expected papers and only the 30 days from December 21, 2008 to January 20, 2009 can be deemed excludable.

### 6.  January 8, 2009 to February 25, 2009

Former counsel for defendant filed a motion to withdraw as counsel from this case on January 8, 2009, a period that overlaps the previous filing of the motion for interim payments by codefendant Wright. The Court held a hearing on this motion on February 25, 2009 and permitted former counsel to withdraw and appointed current counsel to represent defendant. This matter was

also taken under advisement and, therefore, the Speedy Trial Act (STA) allows for exclusion of all time from filing of the motion to time that court receives all reasonably expected papers, *plus no more than additional 30 days of advisement time. Id.* This means that only the time between January 8, 2009 and February 7, 2009 can be excluded. Thus, the time from February 7 to February 25, 2009—18 days—is counted for purposes of calculating the 70-day limitation under 18 U.S.C. § 3161(c)(1).

**7.  February 25, 2009 to March 13, 2009**

At the Status Hearing held on February 25, 2009, the court excluded these sixteen days.

## Conclusion

The speedy trial clock begins ticking on the day a defendant first appears in court and stops the day the defendant files a motion to dismiss for lack of a speedy trial. In reviewing a claim under the Speedy Trial Act, a court must first calculate the aggregate time elapsed awaiting trial. *United States v Hood*, 469 F3d 7 (1st Cir 2006). As of March 12, 2009, two hundred thirty (230) days have elapsed since defendant was arraigned. Next, we determine how many days should be excluded under the Speedy Trial Act. *Barnes,* 159 F.3d at 10. In this case, one hundred nine (119) days have been excluded under three provisions of the Speedy Trial Act described *infra*.[1] This means that defendant has been awaiting trial for 111 days—a period well beyond the 70-day limit required by the Speedy Trial Act.

---

[1]       This motion was filed on March 12, 2009. The day the motion to dismiss for lack of a speedy trial is filed is excludable as delay resulting from a pretrial motion. *United States v. Rodríguez,* 63 F.3d 1159, 1163-64 (1st Cir.1995).

### B. Violation of the Sixth Amendment

Defendant incorporates herein by reference the factual background stated above in **Section A**, *supra*. It is well-settled that the Sixth Amendment right to a speedy trial is "triggered by arrest, indictment, or other official accusation." *Doggett v United States*, 505 US 647, 655 (1972). In *Barker v Wingo*, 407 US 514 (1972), the Supreme Court set forth four factors in determining whether a defendant's right to speedy trial was denied: (1) length of the delay; (2) reasons for the delay; (3) whether and how the defendant asserted the right to a speedy trial; and (4) the prejudice to the defendant due to the delay. A violation of the right to speedy trial requires dismissal of the charges with prejudice. *Strunk v United States*, 412 US 434, 439-40 (1975).

### 1. Length of Delay

As noted above, Defendant was arrested on July 25, 2007. Even assuming, *arguendo,* that the above-noted excluded dates were reasonable delays, Defendant has been waiting for trial for 230 days.

### 2. Assertion of Right

As noted above, Defendant asserted his right to speedy trial at the first hearing before the district court on July 25, 2007 and at all subsequent hearings.

### 3. Prejudice

According to *Barker, supra*, prejudice is assessed in terms of what the right to speedy trial was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the defendant's anxiety and concern with the outcome of the case; ad (3) limiting the possibility that the defense will be impaired. In *Smith v Hooey*, 393 US 374, 378 (1969), the Supreme Court recognized

that delays "may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge."

In the present case, Defendant has been incarcerated since July 25, 2007, more than seven months ago.  He is obviously anxious and concerned about the outcome of his case, as is especially evident in his request for new counsel due to his claim that former counsel was not pressing his case with expedience.  Finally, defendant's defense depends upon the availability of witnesses who reside nearly 900 miles away in Alabama and 1,100 miles away in Florida.  The longer he awaits trial, the greater the risk that his defense investigator will be unable to secure the presence of those witnesses at trial.

### Conclusion

Based on the above, Defendant submits that his Sixth Amendment right to speedy trial has been violated and he requests that this Court dismiss his indictment with prejudice.

**WHEREFORE**, defendant respectfully moves this Court to dismiss the indictment in this case for lack of a speedy trial with prejudice and release him.

Respectfully submitted,

*Joseph Virgilio*

_____
Joseph Virgilio   (Bar № 237370)
1629 K Street NW
Suite 300
Washington   DC   20006-1631
202.686.6914
ATTORNEY FOR ROBERT ROBBINS
Appointed by the Court